IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIE TERION WASHINGTON, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | H-07-CV-0721 |
| | § | |
| RICK THALER, | § | |
|     Respondent. | § | |

## ORDER DENYING PETITIONER'S MOTION
## TO ALTER OR AMEND JUDGMENT

On August 3, 2009, this Court denied Petitioner's third amended petition for a writ of habeas corpus. On September 9, 2009, this Court denied Washington's motion to alter or amend the judgment. Washington subsequently appealed to the Fifth Circuit.

On February 19, 2010, the Fifth Circuit stayed Washington's appeal to allow him to seek relief from the judgment of this Court on the grounds that the judgment dismissing his petition erroneously concluded that one of Washington's claims was unexhausted in state court. Washington pointed out that the portion of the state court record showing that Washington presented the claim to the Texas courts was inadvertently omitted from the record provided to this Court. Washington subsequently filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure

seeking relief from the judgment.

On May 28, 2010, this Court entered a memorandum and order denying Washington's motion, finding that, while the claim was exhausted, it was nonetheless procedurally defaulted. On June 7, 2010, Washington filed this motion to alter or amend the judgment.

A motion to alter or amend under Fed.R.Civ.P. 59(e) "must clearly establish either a manifest error of law or must present newly discovered evidence." *Schiller v. Physicians Resource Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)(internal quotation marks omitted). "Relief under Rule 59(e) is also appropriate where there has been an intervening change in controlling law." *Id.* Washington fails to demonstrate grounds for relief.

As in his prior Rule 59(e) motion, Washington strenuously disagrees with this Court's reasoning. He characterizes this disagreement as showing "manifest error" in the Court's decision. In fact, he simply disagrees with this Court's application of the controlling law to the facts of his case, and expresses that disagreement by substantially rehashing the arguments already rejected in the denial of his Rule 60(b) motion. This disagreement does not establish manifest error of law. Accordingly,

IT IS ORDERED that Petitioner's Motion To Alter Or Amend Judgment (Docket Entry 78) is **Denied**; and

IT IS FURTHER ORDERED THAT no certificate of appealability shall issue.

SO ORDERED

SIGNED this **16** day of June, 2010, at Houston, Texas.

_____
David Hittner
United States District Judge