IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIE TERION WASHINGTON, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | H-07-CV-0721 |
| | § | |
| LORIE DAVIS, | § | |
| Respondent. | § | |

## **ORDER**

The Fifth Circuit remanded this case for an evidentiary hearing on two claims of ineffective assistance of counsel. An evidentiary hearing is scheduled. The petitioner has filed a motion to admit expert testimony on the standard of care for capital counsel, and the respondent has filed motions *in limine* to restrict the scope of the hearing and to exclude certain expert testimony.

A.  Scope of the Hearing

In a previous order, this Court stated that the hearing would encompass both ineffective assistance of state habeas counsel and ineffective assistance of trial counsel claims. *See* Docket Entry No. 157. The claims concerning state habeas counsel are a gateway through which Washington may show cause for his procedural default of the trial counsel claims.

1

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court carved out a narrow equitable exception to the rule that a federal habeas court cannot consider a procedurally defaulted claim of ineffective assistance of counsel.

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim . . . where appointed counsel in the initial-review collateral proceeding . . . was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 . . . (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Id.* at 13-14. Because Washington must show that the underlying claims concerning trial counsel are "substantial," it is more efficient to include those claims in the hearing rather than requiring the parties to return at a later date to litigate the substantiality of the underlying claims if the Court determines that state habeas counsel's performance was deficient. Moreover, allowing factual development of those claims will conserve time and resources if the Court concludes that Washington demonstrates cause for the default by allowing the Court to then address the merits of the underlying claims. Respondent's request to limit the hearing to the claims concerning state habeas counsel is therefore denied.

2

B.  Standard of Care

In a sealed case budgeting order, this Court denied Washington's request to fund experts on the standard of care for capital counsel. *See* Docket Entry No. 164. Washington now asks the Court to reconsider and allow expert testimony on this subject.

Rule 702(a) the Federal Rules of Evidence allows expert testimony when that testimony "will help the trier of fact to understand the evidence or to determine a fact in issue . . . ." The Court is the trier of fact in this matter. The trier of fact's decades of experience as a state and federal trial judge along with substantial case law and other materials explicating the standard of care are sufficient for the Court to determine whether counsels' conduct met the constitutional standard of care. Because this expert testimony will not be helpful to the trier of fact, it will not be admitted.

C.  Other Expert Testimony

Respondent also seeks to exclude expert evidence concerning Washington's mental health, social history, and time in the Texas juvenile justice system, arguing that these are unrelated to any claims raised in Washington's petition. Washington clearly asserted a claim that trial counsel was ineffective by failing to investigate and present mitigating evidence, including evidence about Washington's background.

3

While Respondent is correct that Washington did not specifically refer to the type of evidence he now seeks to present, Washington did request discovery and an evidentiary hearing to further develop his claim for relief. *See* Third Amended Petition, Docket Entry No. 42 at 278. Because the Court found that the ineffective assistance of counsel claims were procedurally defaulted, it did not consider Washington's request for further factual development. These areas of evidence are clearly relevant to Washington's ineffective assistance of counsel claims and the expert testimony will be permitted.

D. *Batson*-related Testimony

Respondent also seeks to exclude evidence concerning racially discriminatory jury selection practices by the Harris County District Attorney in other cases. Washington argues that this evidence is relevant to establishing racially discriminatory juror strikes, and thus a violation of the rule of *Batson v. Kentucky*, 476 U.S. 79 (1986). Washington, however, does not have a *Batson* claim before this Court. Rather, he has an ineffective assistance of counsel claim relating to counsel's failure to object to allegedly racially discriminatory strikes. The issue before the Court, therefore, is not whether Washington can prove in 2019 that Harris County engaged in a pattern of racially discriminatory strikes in the 1980s, but whether counsel should have raised this issue based on what was counsel knew or should have

4

known at that time. Because this proposed evidence is not relevant to the issue before the Court, respondent's motion to exclude this testimony will be granted.

E.  Conclusion

For the foregoing reasons, it is ORDERED that:

1. Petitioner's Motion *In Limine* to Admit Expert Testimony on the Standard of Care (Dock Entry No. 166) is DENIED;

2. Respondent's Motion for Reconsideration (Docket Entry No. 173) and Supplemental Motion *In Limine* to Exclude Expert Testimony (Docket Entry No. 191) are GRANTED as to Respondent's request to exclude pattern and practice evidence on juror strikes, and DENIED in all other respects;

3. The evidentiary hearing will address both Washington's ineffective assistance of state habeas and ineffective assistance of trial counsel claims; and

4. No expert evidence concerning the standard of care for capital counsel or *Batson*-related pattern and practice evidence will be admitted.

SO ORDERED

SIGNED this **5** day of ~~July~~ **Aug.**, 2019, at Houston, Texas.

David Hittner
United States District Judge