IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIE TERION WASHINGTON, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | H-07-CV-0721 |
| | § | |
| BOBBY LUMPKIN, | § | |
| Respondent. | § | |

## ORDER

The Fifth Circuit remanded this case on two issues, including a claim that Washington's trial counsel was ineffective for failing to investigate and present mitigating evidence. An evidentiary hearing is scheduled and Washington intends to present testimony by Dr. William Bush concerning conditions in Texas Youth Commission ("TYC") facilities when Washington was confined in one such facility. The respondent moves to exclude this testimony.

Expert testimony is governed by Rule 702 of the Federal Rules of Evidence. That rule provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

1

Expert evidence, however, must be both relevant and reliable. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).

*Daubert* set out several factors to evaluate the reliability of scientific evidence. These include: 1) whether the theory or technique has been tested; 2) whether it has been subjected to peer review and publication; 3) the theory or technique's known rate of error; 4) whether the theory or technique is generally accepted within the scientific community. *Id.* at 593-94. In *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137 (1999), the Court explained that the *Daubert* standards are neither exhaustive nor definitive, and that a determination of the admissibility of expert evidence "must be tied to the facts of a particular case." *Id.* at 150.

Respondent does not dispute that Dr. Bush is an expert in the history and functioning of the TYC; he has conducted detailed research on the subject and has published a peer reviewed, book-length study of TYC. Washington states that, based on this expertise, Dr. Bush will testify about the conditions in TYC when Washington was detained there as a child, and on the availability of such information to counsel at the time of Washington's capital murder trial.

The respondent concedes that Dr. Bush's research has been peer reviewed and is generally accepted in the relevant academic community. He contends that

Dr. Bush's work fails to satisfy the other two *Daubert* conditions, but those conditions are simply not applicable to Dr. Bush's non-scientific research.

The respondent also argues that Dr. Bush's testimony is irrelevant because he has no direct knowledge of Washington's personal experiences in TYC. This is an extremely constrained view of relevance: Dr. Bush's testimony about conditions and practices in TYC during Washington's time there, and the availability of that information at the time of Washington's trial, are plainly relevant.

The respondent also complains that some specific statements in Dr. Bush's expert report are speculative. The respondent can raise such specific objections during the course of Dr. Bush's testimony.

The respondent's motion to exclude Dr. Bush's testimony (Docket Entry No. 230) is DENIED.

SO ORDERED

SIGNED this __19__ day of May, 2022, at Houston, Texas.

David Hittner
United States District Judge

3